UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LEILA TARANTINO,**

    **Plaintiff,**

**v.**                                                            **Case No: 5:12-cv-434-Oc-32PRL**

**CITRUS COUNTY GOVERNMENT,
JEFFREY J. DAWSEY, STEPHEN
CONLEY, ANDRA CANFIELD,
THOMAS INDORADO and NICK
HESSE**

    **Defendants.**

___

## ORDER

This case is before the Court for consideration of Defendant Andra Canfield's Motion for Preliminary Injunction and/or Protective Order (Doc. 71), to which Plaintiff has responded (Doc. 76). On March 5, 2014, the Court held a hearing on Defendant's motion and heard arguments of counsel.[1]

### I.    BACKGROUND

In this action, Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violation of her Fourth Amendment rights, arising from a traffic stop during which she alleges she was unlawfully strip searched by Citrus County Sheriff deputies, including Defendant Andra Canfield. Following the Court's ruling on Defendants' motions to dismiss, Plaintiff is now proceeding on her claims

___

[1] Those present at the hearing included counsel for Plaintiff and Defendants, as well as Defendant Andra Canfield. Nicholas Austin, the non-party witness whose conduct allegedly gives rise to Defendant's motion, was neither present nor represented at the hearing.

under the Fourth Amendment against the officers in their individual capacities, and the state law claims against them. (Doc. 52).

In the instant motion, Defendant Andra Canfield asserts that following a mediation conference in this case on February 12, 2014, Plaintiff's boyfriend, Nicholas Austin, threatened Defendant Canfield using profanity and stating that he would "beat" her, that he knew where she lived, and other similar threats. (Doc. 71-1). Defendant Canfield contends that Mr. Austin also threatened her on a prior occasion. (Doc. 71-1).

Defendant Canfield's motion broadly "seeks to enjoin the Plaintiff's boyfriend/witness, Nicholas Austin from intimidating, threating and harassing the Defendants in this cause and/or, in the alternative, a protective order prohibiting Mr. Austin from intimidating, threating and harassing the Defendants." In support of her motion, Defendant generally cites *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. Fla. 2000) regarding injunctive relief. Alternatively, as set forth in her motion, Defendant seeks a protective order under Rule 26 of the Federal Rules of Civil Procedure, or the All Writs Act, 28 U.S.C. § 1651.

## II. DISCUSSION

"A district court may grant [preliminary] injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *American Civil Liberties Union of Florida, Inc. v. Miami–Dade County School Bd.*, 557 F.3d 1177, 1198 (11th Cir.2009). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four prerequisites." *Id.*

Thus, to obtain injunctive relief, the plaintiff must show that he or she will suffer, or face a substantial likelihood of suffering, irreparable injury. *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 931, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975) ("The traditional standard for granting a preliminary injunction requires the plaintiff to show that in the absence of its issuance he will suffer irreparable injury.").

In order for an injunction to be "even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6)." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, (11th Cir. 2005). To do so, a plaintiff must first "make a showing that some independent legal right is being infringed – if the plaintiff's rights have not been infringed, he is not entitled to any relief, injunctive or otherwise." *Id.* Then, relief may be "available not simply when the legal right asserted has been infringed, but only when that legal right has been infringed by an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." *Id.*

Defendant fails to make a showing as to each prong of this analysis. To begin with, the legal standards regarding a preliminary injunction contemplate that such a remedy is sought in the context of an action wherein the person or entity whose behavior is sought to be enjoined is a party, and has been afforded due process. District courts generally lack subject matter jurisdiction to issue injunctive relief against non-parties. *See Bowman v. Crosby*, 2005 WL 1278173, * at 1 (N.D.Fla.2005) ("persons from whom injunctive relief is sought must be parties to the underlying action"). Here, Nicholas Austin is a non-party. His involvement in this case arises from being a potential witness to the alleged unlawful search and seizure that is the basis of Plaintiff's claim.

Moreover, despite the troubling nature of Mr. Austin's alleged threats, Defendant has not established imminent irreparable injury. Likewise, Defendant has not established that there is no

other adequate legal remedy that would prevent the harm. Plaintiff argues, for example, that Mr. Austin could be arrested and the matter dealt with in the state's criminal justice system. This is a critical point: indeed, if Mr. Austin threatened to harm Deputy Canfield as stated, then it is unclear to this Court why state law (and state court) would not afford her protection, even if Deputy Canfield herself lacked authority to arrest Mr. Austin outside of Citrus County.

The Local Rules of the Middle District of Florida dictate the same conclusion. Local Rule 4.06 (a) provides that "[a] preliminary injunction may not be issued absent notice (Rule 65(a)(1), Fed.R.Civ.P.), which must be given at least fourteen (14) days in advance of the hearing (Rule 6(c), Fed.R.Civ.P.)." Local Rule 4.05(b)(2), entitled "Temporary Restraining Orders," states that "[t]he motion must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible (Rule 65(b), Fed.R.Civ.P.)."

During the hearing, the parties conceded that neither Rule 26 nor the All Writs Act is an appropriate basis upon which the Court may order relief in this instance. In short, Defendant has not demonstrated any basis upon which the relief requested may be granted.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion for Preliminary Injunction and/or Protective Order (Doc. 71) is **DENIED** without prejudice. As discussed at the hearing, the parties may submit a proposed Agreed Protective Order for the Court's approval addressing the issues raised by Defendant's motion.

- 5 -

**DONE** and **ORDERED** in Ocala, Florida on March 10, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties