UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LEILA TARANTINO,

            Plaintiff,

CASE NO. 5:12-cv-434-Oc-TJC-PRL

vs.

CITRUS COUNTY GOVERNMENT;
SHERIFF JEFFREY J. DAWSEY, in his
individual and Official capacity as an
agent for Citrus County Government;
SERGEANT STEPHEN CONLEY,
DEPUTY ANDRA CANFIELD, DEPUTY
THOMAS INDORADO, DEPUTY NICK
HESSE in their individual and
Official capacities as agents for Citrus
County Government,

            Defendants.
_____/

## DEFENDANTS' MOTION TO TAX COSTS

      COMES NOW the Defendants, Citrus County Government, Sheriff Jeffrey J. Dawsey, Sergeant Stephen Conley, Deputy Andra Canfield, Deputy Thomas Indorado and Deputy Nick Hesse, by and through their undersigned attorneys, and pursuant to Rule 54(d), Federal Rules of Civil Procedure, Rule 4.18, Rules of United States District Court for the Middle District of Florida, 28 USC §1920, §1924 and §1961, and respectfully move this Honorable Court for the entry of a Cost Judgment in their favor, including post-Judgment interest, and as grounds therefore would state as follows:

      1.    On November 20, 2014, the District Court entered a Judgment in favor of the Defendant, Andra Canfield, based upon the jury verdict rendered in this matter.

      2.    On November 26, 2014, the United States District Court amended the Final Judgment to include Defendants, Citrus County Government, Jeffrey J. Dawsey, as Sheriff of Citrus County, Sergeant Stephen Conley, Deputy Thomas Indorado and Deputy Nick

Hesse, based upon the Court's prior Order granting summary judgment in favor of these Defendants. The Amended Final Judgment rendered in favor of all Defendants orders that the Defendants may recover their taxable costs.

3. Defendants respectfully request reimbursement of the following costs:

| | | |
|---|---|---|
| (1) | Fees of the Court Reporter for all or any part of the transcript necessarily obtained for use in the case: | $2,142.65 |
| (2) | Witness Fees: | $ 56.15 |
| (3) | Service of Subpoenas: | $ 50.00 |
| (4) | Post-Judgment Interest | |

**TOTAL** $2,248.80

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TAX COSTS

Rule 54 (d), Federal Rules of Civil Procedure, states:

> **(d) Costs; Attorney's Fees.**
>
> **(1) Costs Other Than Attorneys' Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party…The clerk may tax costs on 14 days notice…

Rule 4.18, Rules of U.S. District Court for the Middle District of Florida, states, in pertinent part:

> (a) In accordance with Fed.R.Civ.P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment. . . .

Title 28 U.S.C., §1920, sets forth the items taxable as costs and states:

> §1920. Taxation of costs
> A judge or clerk of any court of the United States may tax as costs the following:

2

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title [28 USCS § 1923];
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Title 28, U.S.C., §1924, states:

### §1924. Verification of bill of costs

Before any bill of costs is taxed, the party claiming any item of costs or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

Title 28, U.S.C., §1961, states, in pertinent part:

### §1961. Interest

**(a)**   Interest shall be allowed on any money and judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[.] the date of the judgment The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

**(b)**   Interest shall be computed daily to the date of payment. . . and shall be compounded annually.

## (1) FEES OF THE COURT REPORTER FOR ALL OR ANY PART OF THE TRANSCRIPT NECESSARILY OBTAINED FOR USE IN THE CASE

Defendants have incurred court reporter and transcription costs for depositions taken of Leila Tarantino, Nicholas Austin, Thomas Indorado, Stephen Conley, Andra Canfield and Nicholas Hesse (See Bill of Costs – Doc. 119). The majority of the deposition costs were incurred due to discovery initiated by the Plaintiff.

Title 28 U.S.C., §1920, allows for the taxation of costs associated with depositions that are necessarily obtained for use in the case, even if not used at trial. Illinois v. Sangamo Construction Co., 657 F.2d 855 (7th Cir. 1981); Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983); Helms v. Walmart, 808 F. Supp. 1568 (N.D. Ga. 1992), aff'd., 998 F.2d (11th Cir. 1993). The court must look to the situation existing at the time the depositions were taken for a determination of what is reasonable and necessary. M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404 (7th Cir. Ill. 1991); Helms v. Walmart, 808 F. Supp. 1568 (N.D. Ga. 1992), aff'd., 998 F.2d 1023 (11th Cir. 1993). Depositions taken within the normal bounds of discovery are taxable as costs. Helms v. Walmart, 808 F. Supp. 1568 (N.D. Ga. 1992) aff'd., 998 F.2d 1023 (11th Cir. 1993). Taxable costs are also inclusive of copies of depositions taken by other parties. Helms v. Walmart, 808 F. Supp. 1568 (N.D. Ga. 1992) aff'd., 998 F.2d 1023 (11th Cir. 1993).

Based upon the foregoing, Defendants respectfully submit that all the above deposition transcripts were essential witnesses taken and obtained as a reasonable and necessary result of defending the litigation in this cause. Defendants respectfully submit that pursuant to Title 28 U.S.C., §1920 and Rule 54, Federal Rules of Civil Procedure,

Defendants are entitled to the award of costs in the amount of **$2,142.65** for court reporter attendance fees, transcripts and copies of the transcripts for the above-described depositions.

### (2)  FEES FOR WITNESSES

Defendants incurred total costs in the amount of **$56.15** for witness fee for deposition of Nicholas Austin in the amount of $40.00 per witness pursuant to Title 28 U.S.C. §1821, and $16.15 in mileage for the witness. (See Bill of Costs – Doc. 119).  Defendants respectfully request that they are entitled to reimbursement of witness fees pursuant to Title 28 U.S.C. §1920.

### (3) SERVICE OF SUBPOENAS

Defendants incurred costs in the amount of **$50.00** paid to a process server for the service of the deposition subpoena on Nicholas Austin. (See Bill of Costs - Doc.119).  Defendants respectfully request that they are entitled to reimbursement of process service fees pursuant to Title 28 U.S.C. §1920.  The service of process fee is generally a taxable cost. See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (holding "that private process server fees may be taxed pursuant to [28 U.S.C.] §§ 1920(1) and 1921").

### (4) POST JUDGMENT INTEREST

Defendants respectfully submit that pursuant to Title 28, U.S.C. §1961, should the court award Defendants' costs, that they are entitled to post-judgment interest to accrue on any such judgment.  Bank Atlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045 (11th Cir. 1994).

Respectfully submitted,

*/s/ Bruce R. Bogan*
Bruce R. Bogan, Esquire
Florida Bar No. 599565
Melissa J. Sydow, Esquire
Florida Bar No. 39102
Hilyard, Bogan & Palmer, P.A.

>Post Office Box 4973
>Orlando, FL  32802-4973
>Telephone (407) 425-4251
>Facsimile (407) 841-8431
>Email: bbogan@hilyardlawfirm.com
>Email: msydow@hilyardlawfirm.com
>Attorneys for Citrus County Government,
>Sheriff Jeffrey J. Dawsey, Sergeant Stephen
>Conley, Deputy Andra Canfield, Deputy Thomas
>Indorado and Deputy Nick Hesse

## CERTIFICATE OF SERVICE

I certify that a copy was electronically filed with the Clerk of the Court using the CM/ECF system on this 4th day of December, 2014, which will send notice of electronic filing to Plaintiff's counsel, **Michael D. Sechrest, Esquire,** Fisher, Butts, Sechrest & Warner, P.A., 5200 S.W. 91st Terrace, Suite 101, Gainesville, FL 32608, and Plaintiff's co-counsel, **Matthew R. Kachergus, Esquire**, Sheppard, White & Kachergus, P.A., 215 Washington Street, Jacksonville, FL 32202.

>*/s/ Bruce R. Bogan*
>Bruce R. Bogan, Esquire
>Florida Bar No. 599565
>Melissa J. Sydow, Esquire
>Florida Bar No. 39102
>Hilyard, Bogan & Palmer, P.A.
>Post Office Box 4973
>Orlando, FL  32802-4973
>Telephone (407) 425-4251
>Facsimile (407) 841-8431
>Email: bbogan@hilyardlawfirm.com
>Email: msydow@hilyardlawfirm.com
>Attorneys for Citrus County Government,
>Sheriff Jeffrey J. Dawsey, Sergeant Stephen
>Conley, Deputy Andra Canfield, Deputy Thomas
>Indorado and Deputy Nick Hesse